## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

| | |
|---|---|
| **KENDRICK C. GEAR,** | **CASE NO. 07-13338-NPO** |
| **DEBTOR.** | **CHAPTER 13** |

| | |
|---|---|
| **JAMES ALLEN STOKES** | **PLAINTIFF** |
| **VS.** | **ADV. PROC. NO. 08-01069-NPO[1]** |
| **KENDRICK C. GEAR d/b/a** | |
| **KEN'S AUTO SALES AND** | |
| **CREDIT ACCEPTANCE CORPORATION** | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR SUMMARY JUDGMENT
## IN FAVOR OF CREDIT ACCEPTANCE CORPORATION

There came on for consideration the Motion for Summary Judgment (the "Motion") (Adv. Dk No. 29) filed by Credit Acceptance Corporation ("Credit Acceptance") in the above-styled adversary proceeding (the "Adversary"). James Allen Stokes ("Stokes") did not file a response to the Motion.[2] Kendrick C. Gear (the "Debtor") filed a pleading entitled Joinder of Co-Defendant's Credit Acceptance Corporation Motion for Summary Judgment ("the Joinder") (Adv. Dk. No. 35).

---

[1] This adversary proceeding, no. 08-01069-NPO, was consolidated with adversary proceeding no. 08-01050-NPO by order entered September 12, 2008 (Adv. Dk. No. 45). However, Credit Acceptance is not a party to adversary no. 08-01050-NPO and, therefore, this Memorandum Opinion and Order and related Final Judgment will have no effect on that adversary proceeding.

[2] The court docket reflects that Stokes' counsel was provided notice of the Motion by counsel for Credit Acceptance (Adv. Dk. No. 29) and by the Clerk of the Court (Adv. Dk. Nos. 31 and 32).

The Court, having considered the Motion and Joinder, the attached exhibits and affidavit, and the pleadings on file, finds that no genuine issue exists as to any material fact and that Credit Acceptance is entitled to a judgment as a matter of law. Accordingly, the Motion should be granted for the reasons set forth below.[3]

## Jurisdiction

The Court has jurisdiction over the subject matter and the parties to this proceeding pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334. Notice of the Motion was proper under the circumstances.

## Facts

The following facts are undisputed by Stokes and established by the Motion, the Declaration of the Debtor (the "Declaration"), and the Affidavit of Jim Murray ("Murray"), the Vice-President, Dealer Partner Service Center of Credit Acceptance (the "Affidavit"):

1.      Credit Acceptance is in the business of servicing retail installment contracts ("RICS") entered into between automobile dealers and purchasers of automobiles (Mt. ¶ 1).

2.      The Debtor, doing business as Ken's Auto Sales, is the owner and operator of a used automobile dealership.

3.      On December 8, 2006, the Debtor and Credit Acceptance entered into a Dealer Servicing Agreement which permits the Debtor to submit RICS to Credit Acceptance for servicing, and allows Credit Acceptance the option of agreeing to service the RICS (Mt. ¶ 1; Mt. Ex. A; Aff. ¶ 3).

---

[3] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

4.      On April 16, 2007, Stokes negotiated with the Debtor for the purchase and financing

of a used 2004 Pontiac Grand Prix ("the Vehicle") (Mt. ¶ 2). Stokes and the Debtor entered into an

RIC (Mt. ¶ 2; Dec. Ex. A). The RIC between Stokes and the Debtor subsequently was offered to

Credit Acceptance (Mt. ¶ 3; Dec. ¶ 3; Aff. ¶ 4). However, it was not purchased by, nor assigned to,

Credit Acceptance (Mt. ¶ 3; Dec.¶ 3; Aff. ¶ 4).

5.      Thereafter, the Vehicle allegedly was repossessed.[4] Yet, Credit Acceptance had no

involvement in the repossession of the Vehicle (Mt. ¶ 4; Dec. ¶ 4; Aff. ¶ 5).

6.      On September 20, 2007, the Debtor filed a voluntary petition pursuant to Chapter 13

of the Bankruptcy Code[5] in the United States Bankruptcy Court for the Northern District of

Mississippi (Dk. No. 1).

7.      On September 21, 2007, Stokes filed the Complaint, alleging breach of contract,

tortious breach of contract, and conversion against Credit Acceptance and the Debtor (the "State

Court Action").

---

[4] The circumstances surrounding the alleged "repossession" of the Vehicle are disputed. In the complaint underlying the Adversary, which was originally filed in the Circuit Court of Sunflower County, Mississippi (the "Complaint") (Adv. Dk. No. 4; Mt. Ex. E), Stokes asserts that he made a down payment of $1500 but that the Debtor subsequently requested an additional down payment of $2500, which Stokes refused to pay. As a result, Stokes alleges that the following week, "Gear . . ., acting independently and for CAC, seized Stokes' vehicle from Stokes' residence without his permission." In his Answer to the Complaint (Adv. Dk. No. 10), the Debtor maintains that he did not repossess the Vehicle nor hire any third party to take possession of it. He further contends that the Vehicle was voluntarily returned to him, whereupon he returned a portion of the down payment to Stokes. However, whatever the circumstances underlying the repossession or return of the Vehicle, the unrefuted Motion, Declaration, and Affidavit establish that Credit Acceptance was not involved.

[5] Hereinafter, all Code sections refer to the Bankruptcy Code located at Title 11 of the United States Code, unless otherwise noted.

8.      On October 29, 2007, the State Court Action was removed to the United States

District Court for the Northern District of Mississippi.

9.      On March 26, 2008, the United States District Court for the Northern District of

Mississippi referred this case to the United States Bankruptcy Court for the Northern District of

Mississippi, thereby initiating the Adversary.

10.     On July 25, 2008, Credit Acceptance filed the Motion, contending that no contractual

relationship existed between it and Stokes, and denying all allegations of involvement in the alleged

repossession of the Vehicle.

### Motion for Summary Judgment Standard

Federal Rule of Civil Procedure 56[6] states that summary judgment is properly granted only

when, viewing the evidence in the light most favorable to the nonmoving party, the pleadings,

depositions, answers to interrogatories, and admissions, together with affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as

a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548,

91 L.Ed.2d 265 (1986).  Rule 56(e) further provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this
> rule, an adverse party may not rest upon the mere allegations or denials of the
> adverse party's pleading, but the adverse party's response, by affidavits or as
> otherwise provided in this rule, must set forth specific facts showing that there is a
> genuine issue for trial.

Fed. R. Civ. P. 56(e).

---

[6] Federal Rule of Civil Procedure 56 is made applicable to bankruptcy proceedings
pursuant to Federal Rule of Bankruptcy Procedure 7056.

Thus, the moving party bears the initial responsibility of informing the Court of the basis for its motion, and of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323, 106 S.Ct. at 2552-53. Once the moving party has made its required showing, the nonmovant must go beyond the pleadings and by its own affidavits or by depositions, answers to interrogatories, and admissions on file designate specific facts showing a genuine issue for trial. Celotex, 477 U.S. at 324, 106 S.Ct. at 2553. In any event, "[t]he movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985); *see also* Medlock v. Commission for Lawyer Discipline, 24 S.W.3d 865, 870 (C.A. Tex. 2000).

## Discussion

In the Complaint, Stokes asserts that Credit Acceptance is liable for breach of contract and tortious breach of contract. Stokes maintains that the RIC which was entered into between Stokes and the Debtor subsequently was assigned to Credit Acceptance and that, consequently, a contract exists between Stokes and Credit Acceptance. In the Motion, however, Credit Acceptance contends that Stokes' breach of contract and tortious breach of contract claims must fail because Stokes cannot demonstrate that a contract exists between Stokes and Credit Acceptance.

Credit Acceptance maintains that in order to succeed on his breach of contract claim, Stokes must prove that a contract existed between Stokes and Credit Acceptance, that the contract was breached, and that Stokes' damages were caused by the breach. *See* A & F Properties, LLC v. Lake

Caroline, Inc., 775 So. 2d 1276, 1279 (Miss. Ct. App. 2000) ("plaintiff has the burden to prove by

preponderance of the evidence the existence of a binding contract, that the defendant breached it,

and that damages proximately resulted from the breach"). To establish a tortious breach of contract,

Stokes must establish the foregoing three elements, as well as an independent tort. *See* Braidfoot

v. William Carey College, 793 So. 2d 642, 655 (Miss. Ct. App. 2000) (if "there has been no breach

of contract . . . there [can] be no tortious breach of contract.").

In support of its position that no contract existed between Stokes and Credit Acceptance,

Credit Acceptance relies on the Affidavit wherein Murray avers that Credit Acceptance had only the

option, not the obligation, to accept RICS submitted by the Debtor. Murray attests that Credit

Acceptance never accepted the RIC entered into between Stokes and the Debtor. Credit Acceptance

thus reasons that no contract exists between Stokes and Credit Acceptance upon which Credit

Acceptance can be found liable. As noted, Stokes failed to come forward with any evidence to

support his allegation that the RIC was assigned to Credit Acceptance.

Credit Acceptance, therefore, has presented evidence which demonstrates that the RIC

between Stokes and the Debtor was not assigned to Credit Acceptance and that, accordingly, no

contract existed between Stokes and Credit Acceptance. Stokes offers no evidence to the contrary.

Hence, viewing the evidence in the light most favorable to the non-moving party, the Court finds

that no contract existed between Stokes and Credit Acceptance. Therefore, Stokes' claims of breach

of contract and tortious breach of contract must fail.

In the Complaint, Stokes also contends that Credit Acceptance is liable for conversion of the

Vehicle. Credit Acceptance disputes that allegation in its Motion. To establish a prima facie case

for conversion, Stokes must demonstrate that Credit Acceptance exercised unauthorized control over

the Vehicle. *See* Lyons v. Misskelly, 759 F. Supp. 324, 327 (S.D. Miss. 1990) (for a claim of

conversion to stand, "a plaintiff must show that he owned or had a right to possess property which

was the subject of an unauthorized taking or the unauthorized exercise of control by the defendant").

In the Affidavit, Murray avers that Credit Acceptance did not have knowledge of or

participate in the repossession. Moreover, Stokes has not produced any evidence that Credit

Acceptance participated in the repossession. Thus, the Court finds that Credit Acceptance has

shown that no genuine issue of material fact exists for trial. Therefore, Stokes' claim against Credit

Acceptance for conversion also must fail. *See* Hughes v. Gurley, 55 So. 2d 469 (Miss. 1951) (where

proof affirmatively showed that credit corporation had rejected and returned conditional sale

contract to dealer, and that credit corporation was not a party to the repossession of automobile by

dealer, credit corporation was not liable for alleged wrongful repossession).

Based on the foregoing, the Court finds that no genuine issue of material fact exists for trial

as to the claims asserted by Stokes against Credit Acceptance for breach of contract, tortious breach

of contract, or conversion. Consequently, Credit Acceptance is entitled to judgment as a matter of

law.

IT IS, THEREFORE, ORDERED that the Motion is granted as stated herein.

IT IS FURTHER ORDERED that Stokes' Complaint against Credit Acceptance is dismissed

with prejudice.

This the 7th day of October, 2008.

_____

NEIL P. OLACK
U.S. BANKRUPTCY JUDGE